| | |
|---|---|
| KIMBERLY CARTER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL RAILROAD PASSENGER CORPORATION, Individually and dba AMTRAK, et al., <br><br> Defendants. | Case No.: C-13-00809 JCS <br><br> **ORDER GRANTING MOTIONS TO DISMISS FILED BY OHLONE COMMUNITY COLLEGE DISTRICT; CITY OF FREMONT; AND EAST BAY DISCHARGERS AUTHORITY; DISMISSING FIFTH THROUGH EIGHTH CAUSES OF ACTION AGAINST THOSE DEFENDANTS WITH LEAVE TO AMEND** |

## I. INTRODUCTION

Plaintiffs Kimberly Carter and G.C. ("Plaintiffs") brought this action against Defendants (1) National Railroad Passenger Corporation, individually and doing business as Amtrak ("Amtrak"), (2) Union Pacific Railroad Company ("Union Pacific"), (3) State of California, Department of Transportation, (4) City of Newark, (5) Ohlone Community College District ("Ohlone"), (6) City of Fremont, (7) County of Alameda, and (8) East Bay Dischargers Authority ("EBDA") (collectively, "Defendants") alleging eight causes of action arising out of the death of Gary P. Carter ("Decedent"). Three Motions are presently before the Court: (1) Ohlone's Motion to Dismiss the Complaint ("Ohlone Motion"); (2) City of Fremont's Motion to Dismiss the Complaint ("Fremont Motion"); and (3) EBDA's Motion to Dismiss the Complaint ("EBDA Motion") (Ohlone, City of Fremont, and EBDA are referred to collectively in this Order as the "Moving Defendants"). A hearing on the Motions was held on June 28, 2013 at 9:30 a.m. For the reasons stated below, Defendants Motions

are granted and the fifth through eight causes of action asserted against Moving Defendants are dismissed with leave to amend.[1]

## II. BACKGROUND

### A. The Complaint

Decedent was struck and killed by a train approximately 200 feet south of the Stevenson Boulevard crossing in Fremont. Complaint, ¶ 5. Decedent was survived by his wife, Kimberly Carter, and his biological minor child, G.C. *Id*. at ¶ 3.

In the portions of the Complaint relevant to the present Motions, Plaintiffs allege as follows. Decedent parked in a lot near Mowry Avenue in the City of Newark. *Id*. at ¶ 9. From there, he accessed the railroad tracks and continued near or along the tracks until he reached the location of his death in the City of Fremont approximately 200 feet south of the intersection between the railroad tracks and Stevenson Boulevard. *Id*. City of Fremont, Ohlone, and EBDA each controlled some portion of the railroad tracks or the property leading up to and at which Decedent was struck by the train, including adjacent property around and near the tracks. *Id*. at ¶¶ 9, 12-14 (stating that Ohlone owns APN 901-185-13-9 and that EBDA owns APN 901-110-12-1).

Plaintiffs allege four causes of action against Moving Defendants, as follows:

(1)  <u>Wrongful Death Action for Dangerous Condition of Public Property</u>

The premises controlled by Defendants were in a dangerous and defective condition, such that they were not safe for persons in vehicles or on foot, due to "the negligent ownership, leasing, operation, construction, building, design, maintenance, management, repair, control, inspection, hiring, fencing, discharge of mandatory and/or non-delegable duties, warnings, signage, visibility, obstructions, vegetations, trees and/or illuminations of" those premises by each of them. *Id*. at ¶ 108. Defendants "encouraged and allowed persons in vehicles and on foot to enter the area of the tracks, walk along and/or cross the tracks, through the dirt roads near the tracks, pedestrian walkways and pedestrian paths that were owned, controlled, constructed by, or allowed to exist by Defendants." *Id*. at ¶ 109. "A parking lot, worn dirt roads and pedestrian paths were allowed to exist upon the properties that were owned and controlled by Defendants, and each of them, which drew vehicles and

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). *See* Dkt. Nos. 6, 9, 12, 17, 18, 21, 28, 33.

pedestrians to the tracks and encouraged vehicles and pedestrians to access and walk along the tracks." *Id*. "The existence of the worn dirt roads and pedestrian paths," which Defendants knew that persons in vehicles and on foot routinely accessed, "constituted a dangerous condition of public property at the time of the incident." *Id*. Defendants did not warn the public of any dangerous conditions, nor did they maintain vegetation in such a way to prevent visibility from being obstructed. *Id*. at ¶ 110. Defendants did not erect a barrier or fence to keep vehicles and pedestrians from accessing the tracks or the dirt roads and pedestrian walkways leading to the tracks. *Id*. at ¶ 112.

At the time Decedent encountered the dangerous conditions, Defendants had actual or constructive notice of their existence and were aware that pedestrians and vehicles used the dirt roads and paths near the tracks, or should have discovered those conditions and their dangerous character. *Id*. at ¶ 113. The dangerous condition created a substantial risk that Decedent, who was using the property and the adjacent property as an invitee with due care in a manner that was reasonably foreseeable, would be struck by a train. *Id*. at ¶ 114. It was further reasonably foreseeable that Decedent would be killed and Plaintiffs would suffer damages. *Id*. at ¶ 115.

(2)   <u>Survival Action for Dangerous Condition of Public Property</u>: As relevant to the present Motions, Plaintiffs incorporate the factual allegations summarized above pertaining to the wrongful death action in their survival action for dangerous condition of public property. *Id*. at ¶ 122.

(3)   <u>Wrongful Death Action for Negligence</u>: Plaintiffs allege that Defendants, through their agents, servants, and/or employees, tortuously inflicted injuries to Plaintiffs in circumstances under which their agents, servants, and/or employees would be personally liable under California Government Code § 815.2. *Id*. at ¶ 127. Further, Plaintiffs allege that Defendants are vicariously liable for Decedent's death, and Plaintiffs' resulting damages, based on the acts or omissions of their independent contractor who failed to complete their work with reasonable care or failed to maintain the area in a safe condition while completing work. *Id*. at ¶ 128. Defendants' independent contractors, which include each other, failed to maintain the location where Decedent was struck and the surrounding properties through which Decedent accessed that location in a safe condition for pedestrians and failed to take adequate precautions and safeguards regarding pedestrian and vehicle access thereto. *Id*. at ¶ 131. Defendants were also negligent, in contracting with each other, for

1  failing to safely direct persons walking along the tracks, crossing the tracks, or walking on dirt roads
2  near the tracks. *Id*. at ¶ 132. Defendants negligently failed to warn Decedent of the unsafe and
3  dangerous conditions associated with their property. *Id*. at ¶ 133. Defendants are also liable for their
4  failure to inspect the premises. *Id*. at ¶¶ 138-39. As a foreseeable result of Defendants' conduct,
5  Decedent was killed and Plaintiffs sustained damages. *Id*. at ¶¶ 141-42.
6      (4)   Survival Action for Negligence:  As relevant to the present Motions, Plaintiffs
7  incorporate the factual allegations summarized above pertaining to the wrongful death action in their
8  survival action for negligence. *Id*. at ¶ 143.
9    **B.    The Motions to Dismiss**
10 Moving Defendants each separately seek to dismiss the four causes of action brought against
11 them in closely similar Motions. First, Moving Defendants assert that to state a claim based on a
12 dangerous condition of public property pursuant to California Government Code section 835 Plaintiffs
13 must plead with specificity facts identifying the dangerous condition. Fremont Motion, 5-7; Ohlone
14 Motion, 4-7 (citing *Lopez v. Southern Cal. Rapid Transit Dist.*, 40 Cal.3d 780, 795, 221 Cal.Rptr. 840,
15 710 P.2d 907 (1985) (to state a cause of action against a public entity, every fact material to the
16 existence of statutory liability must be pleaded with particularity); *Mittenhuber v. City of Redondo
17 Beach*, 142 Cal.App.3d 1, 4-5, 190 Cal.Rptr. 694 (1983) (to state a cause of action under the
18 California Tort Claims Act based on a dangerous condition of public property, the complaint must
19 satisfy Government Code § 835); *Zelig v. County of Los Angeles*, 27 Cal.4th 1112, 1133-39, 119
20 Cal.Rptr.2d 709, 45 P.3d 1171 (2002) (Government Code § 835 does not provide a statutory basis for
21 liability where a plaintiff is unable to point to any defective aspect of the physical condition of the
22 property)); EBDA Motion, 3-6. Moving Defendants argue that the Complaint does not explain how
23 any of their properties, individually, presented any dangerous condition or had any physical defect,
24 how they had notice of any such dangerous condition, and how the dangerous condition caused
25 Decedent's death. Fremont Motion, 6-7; Ohlone Motion, 5-7; EBDA Motion 4-6. Ohlone further
26 states that the parcel Plaintiffs identify as belonging to it was over 3,000 feet from the site where
27 Decedent was killed. Ohlone Motion, 6 (citing Ohlone Request for Judicial Notice ("RJN"), Exs. A-
28

1  B).  Ohlone contends that Plaintiffs have not pled how their property was dangerous in light of this
2  fact.  *Id*.
3        Second, Moving Defendants argue that Plaintiffs have not pled a cause of action for vicarious
4  liability because a public employee is not liable for injuries caused by a condition of public property
5  where such a condition exists because of any act or omission of such employee within the scope of his
6  employment.  Fremont Motion, 7; Ohlone Motion, 8 (citing Cal. Gov. Code § 840); Joinder of
7  Defendant EBDA in Fremont Motion; Joinder of Defendant EBDA in Ohlone Motion.  Where the
8  public employee is immune, the public entity cannot be held liable for the acts of the employee.
9  Fremont Motion, 7; Ohlone Motion, 8 (citing *Longfellow v. County of San Luis Obispo*, 144
10 Cal.App.3d 379, 192 Cal.Rptr. 580 (1983)).  Moreover, Moving Defendants contend that Plaintiffs
11 have not pled facts that could support a claim for vicarious liability predicated on the conduct of an
12 independent contractor.  Fremont Motion, 8; Ohlone Motion, 8 (citing *O'Gan v. King City Joint*
13 *Union High School Dist.*, 3 Cal.App.3d 641, 646, 83 Cal.Rptr. 795 (1970); Cal. Gov. Code § 815.4).
14     **C.**    **Opposition**
15       Plaintiffs filed separate, closely similar, Oppositions to each Motion.  First, Plaintiffs argue
16 that they have pled with sufficient particularity the basis for each Moving Defendant's liability for
17 dangerous condition of public property.  Opposition to City of Fremont's Motion to Dismiss
18 ("Opposition to Fremont"), 1, 4-12; Opposition to Ohlone Community College District's Motion to
19 Dismiss ("Opposition to Ohlone"), 1, 4-12; Opposition to East Bay Discharger's Authority's Motion
20 to Dismiss ("Opposition to EBDA"), 1, 4-12.  Plaintiffs state that Fremont is responsible because it
21 permitted Decedent to access and walk along the railroad tracks from Stevenson Boulevard.
22 Opposition to Fremont, 1, 8 (citing Complaint, ¶¶ 9, 12, 108-14).  Plaintiffs state that Ohlone and
23 EBDA are responsible because the location where Decendent entered the pathway along the tracks,
24 which he followed through the Stevenson Boulevard crossing to the location where he was struck,
25 was owned in part by Ohlone and EBDA, and both Ohlone and EBDA allowed worn dirt roads to
26 exist along the tracks on their property without taking any measures to protect the public from the
27 dangers posed by the tracks.  Opposition to Ohlone, 1, 8 (citing Complaint, ¶¶ 9, 13, 108-14);
28 Opposition to EBDA, 1, 8 (citing Complaint, ¶¶ 9, 14, 108-14).  Thus, Plaintiffs argue that their

1  Complaint contains sufficient allegations (1) placing Moving Defendants' property within the incident
2  site; (2) describing the dangerous condition of public property; (3) alleging actual and constructive
3  notice of the dangerous condition to each Moving Defendant; and (4) describing Moving Defendants'
4  failure to warn of the danger. Opposition to Fremont, 5-8 (citing Cal Gov. Code §§ 830, 835;
5  Complaint, ¶¶ 9, 12, 108-14); Opposition to Ohlone, 5-8 (citing Cal Gov. Code §§ 830, 835;
6  Complaint, ¶¶ 9, 13, 108-14); Opposition to EBDA, 5-8 (citing Cal Gov. Code §§ 830, 835
7  Complaint, ¶¶ 9, 14, 108-14).

8  Plaintiffs contend that Moving Defendants may properly be held liable for failing to take
9  reasonable precautions to protect the public from a substantial risk of injury on adjacent land, such as
10 blocking access to the paths along the train tracks. Opposition to Fremont, 8-12 (citing *Holmes v.*
11 *City of Oakland*, 260 Cal.App.2d 378, 380-82, 388-91, 83 Cal.Rptr. 197 (1970) (minor's cause of
12 action for dangerous condition of public property survived the defendant's demurrer after he lost both
13 his legs when a train ran over him even though the injury did not occur on the defendant's property);
14 *Bonanno v. Central Contra Costa Transit Authority*, 30 Cal.4th 139, 144, 146, 149-51, 154, 132
15 Cal.Rptr.2d 341, 65 P.3d 807 (2003) (dangerous condition may arise from the location of public
16 property or its relationship to its surroundings, including its adjacency to property on which an injury-
17 producing condition exists)); Opposition to Ohlone, 8-12; Opposition to EBDA, 8-12. Moreover,
18 Plaintiffs assert that they have pled facts causally linking the dangerous condition on Moving
19 Defendants' property to Decedent's death. Opposition to Fremont, 11-12 (citing Complaint, ¶¶ 106-
20 07, 115-24); Opposition to Ohlone, 11-12; Opposition to EBDA, 11-12.

21 Second, Plaintiffs argue that they have properly pled a negligence claim against Moving
22 Defendants on the theory that each is vicariously liable for the negligence of its independent
23 contractors. Opposition to Fremont, 12-15 (citing Cal. Gov. Code § 815.4); Opposition to Ohlone,
24 12-15; Opposition to EBDA, 12-15. Plaintiffs state that they have pled the universe of potential
25 independent contractors and that each potential independent contractor was negligent in such a way as
26 to cause Decedent's death. Opposition to Fremont, 13 (citing Complaint, ¶¶ 129-35); Opposition to
27 Ohlone, 13; Opposition to EBDA, 13. Plaintiffs assert that they need not know the name of every
28 independent contractor to state a viable cause of action against Moving Defendants. Opposition to

Fremont, 15 (citing *Tom Jones Enters., Ltd. v. County of Los Angeles*, 212 Cal.App.4th 1283, 151 Cal.Rptr.3d 718 (2013)); Opposition to Ohlone, 15; Opposition to EBDA, 15.

### D. Replies

#### 1. Fremont

Fremont argues that Plaintiffs are taking the position that the existence of accessible railroad tracks, alone, creates a dangerous condition of public property requiring adjacent public entities to erect a fence or other barrier to prevent access. Fremont's Reply in Support of Fremont Motion ("Fremont Reply"), 4 (citing Complaint, ¶¶ 111-12). Fremont contends that no such broad duty exists. *Id*. (citing *Durham v. City of Los Angeles*, 91 Cal.App.3d 567, 577, 154 Cal.Rptr. 243 (1979)). Further, Fremont argues that *Holmes* is distinguishable because it involved an unguarded railroad operation located near a grammar school such that there was a substantial risk of injury to children using the area exercising for them what would constitute due care. *Id*. (citing *Holmes*, 260 Cal.App.2d at 386, 83 Cal.Rptr. 197). Fremont asserts that here, on the other hand, Plaintiffs have not presented any particular facts making the railroad tracks dangerous beyond their accessibility. *Id*. at 5. Fremont contends that each other case on which Plaintiffs rely is factually distinguishable. *Id*. at 5-6. Finally, Fremont argues that Plaintiffs' negligence cause of action, predicated on the vicarious liability of independent contractors, fails because there is no general legal duty to erect a barrier or fence to prevent access to all railroad tracks. *Id*. at 6-8 (citing cases).

#### 2. Ohlone

Ohlone characterizes Plaintiffs factual allegations as presenting a scenario in which Decedent parked his vehicle on property not owned by Ohlone, walked some distance, passed through Ohlone property, proceeded 3,000 more feet, and was struck by a train. Ohlone's Reply in Support of Ohlone Motion ("Ohlone Reply"), 2 (citing Opposition to Ohlone, 1-2). Ohlone argues that the existence of paths and dirt roads on property adjacent to railroad tracks does not create a dangerous condition when the property is used with due care in a reasonably foreseeable manner. *Id*. at 4 (citing *Durham*, 91 Cal.App.3d at 577, 154 Cal.Rptr. 243. Moreover, Ohlone contends that the cases relied upon by Plaintiffs are distinguishable based on the distance between Ohlone's property and the precise location where Decedent was struck by the train. *Id*. at 5-6. Ohlone asserts that their property was

not adjacent to the location where Decedent was killed. *Id*. at 5. Finally, Ohlone argues that the Complaint does not allege facts to support vicarious liability because Plaintiffs have not pled (1) any duty to erect a fence or barrier; or (2) any facts to establish an exception to the general rule that an employer is not liable for the tortuous acts of an independent contractor.

### 3. EBDA

In addition to joining in both other replies, EBDA argues that Plaintiffs' allegations do not provide factual allegations of its wrongdoings but a list of alternative theories of liability, none of which are specifically pled. EBDA Reply in Support of EBDA Motion ("EBDA Reply"), 4. To the extent that Plaintiffs are alleging that the existence of accessible railroad tracks adjacent to public property alone creates a dangerous condition of public property, EBDA argues that such a proposition must be rejected. *Id*. at 5. Moreover, EBDA contends that the cases on which Plaintiffs' rely are factually inapposite. *Id*. at 5-7. Finally, EBDA asserts that Plaintiffs' negligence claim fails because they have not alleged any duty owed to Decedent. *Id*. at 7-8.

## III. REQUEST FOR JUDICIAL NOTICE

The standard for judicial notice is set forth in Rule 201 of the Federal Rules of Evidence, which allows a court to take judicial notice of an adjudicative fact not subject to "reasonable dispute," either because it is "generally known within the territorial jurisdiction of the trial court" or it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. As a general rule, the court "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *U.S. v. Corinthian Colleges*, 655 F.3d 984, 998-99 (9th Cir. 2011) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). However, the court may consider unattached evidence on which the complaint "necessarily relies" if: "(1) the complaint refers to the document; (2) the document is central to plaintiff's claim; and (3) no party questions the authenticity of the document." *Id*. at 999 (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)). In addition, the court may take judicial notice of "matters of public record," but not facts that may be "subject to reasonable dispute." *Id*. (citing *Lee*, 250 F.3d at 689).

Ohlone seeks judicial notice of the contents of two documents: (1) a printout of the Alameda County Assessor's Map showing the location of APN 901-185-13-9 ("Assessor's Map"); and (2) a

printout of a Google satellite map with an overlay indicating the corner of APN 901-185-13-9 closest to the location where Decedent was struck and an approximation of where Decedent was struck derived from the Complaint ("Google Aerial"). RJN, Exs. A-B. Plaintiffs object to judicial notice of the Assessor's Map on the basis that it is not certified as an official survey, does not state the parcel owner, is difficult to read, and that the property boundaries are not clearly drawn so as to eliminate any doubt as to its accuracy. Plaintiffs' Opposition to RJN, 1. Plaintiffs object to judicial notice of the Google Aerial on the basis that it does not clearly show the boundaries of APN 901-185-13-9 and that the image is poor in quality such that it does not eliminate any doubt as to the accuracy of the locations it intends to convey or the distances between them. *Id.*

First, the Court takes judicial notice of the general outline of APN 901-185-13-9 from the Assessor's Map as a matter of public record. The Court need not rely on the Assessor's Map to demonstrate ownership of the property, as the Complaint identifies that parcel as belonging to Ohlone. Second, the Court takes judicial notice that the distance between the corner of APN 901-185-13-9, bounded by Addition Road and the railroad tracks, is at least a half a mile from a location on the railroad tracks that is 200 feet south of the intersection between Stevenson Boulevard and the railroad tracks as a fact of geography that cannot reasonably be questioned. *See U.S. v. Perea-Rey*, 680 F.3d 1179, 1182 n.1 (9th Cir. 2012) (taking judicial notice of a Google map and satellite image as a source whose accuracy cannot reasonably be questioned for the purpose of determining the general location of a home).

IV.   **ANALYSIS**

   A.   **Legal Standard**

A complaint may be dismissed for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

9

In ruling on a motion to dismiss under Rule 12, the court analyzes the complaint and takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The factual allegations must be definite enough to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. However, a complaint does not need detailed factual allegations to survive dismissal. *Id*. Rather, a complaint need only include enough facts to state a claim that is "plausible on its face." *Id*. at 570. That is, the pleadings must contain factual allegations "plausibly suggesting (not merely consistent with)" a right to relief. *Id*. at 545 (noting that this requirement is consistent with Fed. R. Civ. P. 8(a)(2), which requires that the pleadings demonstrate that "the pleader is entitled to relief").

**B.     Dangerous Condition of Public Property**

    **1.     Background Law**

A public entity is not liable for an injury arising out of an act or omission of the public entity or its employees except as provided by statute. *Cerna v. City of Oakland*, 161 Cal.App.4th 1340, 1346-47, 75 Cal.Rptr.3d 168 (2008) (citing Cal. Gov. Code § 815(a)). The sole statutory basis for imposing liability on public entities as property owners is Government Code section 835. *Id*. at 1347 (citing *Zelig*, 27 Cal.4th at 1131-32, 119 Cal.Rptr.2d 709, 45 P.3d 1171). Section 835 provides:

> Except as provided by statute, a public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous

> condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:
>
> > (a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or
> >
> > (b) The public entity had actual or constructive notice of the dangerous condition under Section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

Cal. Gov. Code § 835.

> "Dangerous condition" means a condition of property that creates a substantial (as distinguished from a minor, trivial or insignificant) risk of injury when such property or adjacent property is used with due care in a manner in which it is reasonably foreseeable that it will be used.

Cal. Gov. Code § 830(a).

"The existence of a dangerous condition ordinarily is a question of fact, but the issue may be resolved as a matter of law if reasonable minds can come to only one conclusion." *Zelig*, 27 Cal.4th at 1133, 119 Cal.Rptr.2d 709, 45 P.3d 1171. "A condition is not dangerous … if the trial or appellate court, viewing the evidence most favorably to the plaintiff, determines as a matter of law that the risk created by the condition was of such a minor, trivial or insignificant nature in view of the surrounding circumstances that no reasonable person would conclude that the condition created a substantial risk of injury when such property … was used with due care in a manner [in] which [it] was reasonably foreseeable that it would be used." *Cerna*, 161 Cal.App.4th at 1347, 75 Cal.Rptr.3d 168 (quoting Cal. Gov. Code § 830.2).

"[A] claim alleging a dangerous condition may not rely on generalized allegations [citation] but must specify in what manner the condition constituted a dangerous condition." *Id*. (quoting *Brenner v. City of El Cajon*, 113 Cal.App.4th 434, 439, 6 Cal.Rptr.3d 316 (2003)). A plaintiff's allegations must establish a physical deficiency in the property itself. *Id*. (citing *Zelig*, 27 Cal.4th at 1135-36, 119 Cal.Rptr.2d 709, 45 P.3d 1171). A public entity may be liable for a dangerous condition of public property even where the immediate cause of the plaintiff's injury is a third party's negligent or illegal act if some physical characteristic of the property exposes its users to increased danger from

third party negligence. *Id*. at 1348 (citing *Bonanno*, 30 Cal.4th at 152, 132 Cal.Rptr.2d 341, 65 P.3d 807).

### 2. Application to Facts

As discussed below, Plaintiffs fifth and sixth causes of action against Moving Defendants are dismissed with leave to amend.

Plaintiffs have pled as follows: (1) the property was in a dangerous condition because it contained dirt paths providing access to railroad tracks, limited visibility in part as a result of poorly maintained vegetation, and no warnings or barriers to make those railroad tracks safe; (2) Plaintiffs injury was caused by Decedent's death as a result of those dangerous conditions; (3) the dangerous condition created a reasonably foreseeable risk of this type of injury, being hit by a train; and (4) Defendants were actually aware that the pedestrian paths on their property were frequently used to access and cross the railroad tracks and also had constructive notice of the obvious conditions. Complaint, ¶¶ 8, 12-14, 108-15. The Motions ultimately rely on the assertion that no reasonable person could conclude that their property created a substantial risk of injury to a person exercising due care on the basis of the facts alleged. On this record, where there is a dearth of specific allegations as to each Moving Defendant's property, the Court agrees.

Plaintiffs rely on *Holmes* to support their argument that such conditions create a dangerous condition of public property. In *Holmes*, the California Court of Appeal held that it could reasonably be concluded from the facts pleaded in the complaint that an unguarded railroad operation on Lowell Street near a grammar school created a substantial risk of injury to children using Lowell Street and exercising what for them would constitute due care. *Id*. at 386-87. The court noted allegations that children going home from school were attracted to the trains and railroad cars and played about them. *Id*. at 387. The court further emphasized that in dealing with a young child one must exercise greater caution than in dealing with an adult. *Id*.

Moving Defendants respond by relying on *Durham*. The analysis in *Durham*, in turn, relies on *Avey v. County of Santa Clara*, 257 Cal.App.2d 708, 65 Cal.Rptr. 181 (1968). In *Avey*, a school bus stop was situated next to Fremont Avenue, which was owned by the public entity defendants. *Avey*, 257 Cal.App. 2d at 710-11, 65 Cal.Rptr. 181. After crossing Fremont Avenue, a pedestrian would

encounter an island followed by another highway, El Camino Real. *Id*. at 710. The island and El Camino Real were both owned by other entities. *Id*. at 711. The island contained shrubbery that obstructed the view of drivers on Fremont Avenue and El Camino Real. *Id*. at 710. On the El Camino Real side, there was a grocery store that attracted children from the bus stop. *Id*. A seven-year-old was hit by a car and killed on Camino Real after crossing Fremont Avenue and the island from the school bus stop. *Id*. His parents brought suit. *Id*. The court held that the public entity defendants, who owned only Fremont Avenue, were not liable for dangerous condition of public property. *Id*. at 712-13. The court reasoned that the defendants could not be held liable unless they had authority to remedy the dangerous condition. *Id*. at 712. Moreover, the court declined to require the defendants to erect a barricade on Fremont Avenue to prevent children from accessing the grocery store, noting that such a barricade would impinge on the use of Fremont Avenue and its adjacent curbs and sidewalks. *Id*. at 713.

In *Durham*, a child lost both his legs trying to hop a train. *Durham*, 91 Cal.App.4th at 570 n.1, 91 Cal.App.3d 567 (noting that manner of the child's conduct was disputed, but that, as an appellate court the court was required to accept inferences favorable to the judgment). As relevant to the present case, the child and his mother brought suit for dangerous condition of public property against the City of Los Angeles. *Id*. at 570, 575-76. The plaintiffs alleged that the city "negligently maintained and controlled a crosswalk at the location of the accident in the City of Los Angeles, which crosswalk ends at the Southern Pacific Railway easement and which crosswalk has no present purpose or use and is maintained negligently without reasonable regard to the danger to local inhabitants. That the said crosswalk negligently leads to and across the railroad track and that the danger to local inhabitants is reasonably foreseeable. Said negligent and unreasonable conduct … was among the proximate causes of the injuries and the damages sustained by plaintiffs herein." *Id*. at 575-76. The trial court granted nonsuit. *Id*. at 576. On appeal, the plaintiffs argued that the city should have given appropriate warning or erected and maintained suitable barriers because it had knowledge of the dangerous condition adjacent to its property. *Id*. The appellate court affirmed. *Id*. at 578.

The *Durham* court distinguished *Holmes* and found *Avey* analogous. *Id*. at 577. The court noted that the standard of care incorporated by Government Code section 830 would take into consideration the standard of care that would be applicable to foreseeable users of the property such that, for example, the public entity is required to protect children from a substantial risk of harm where they are foreseeable users of the property. *Id*. Distinguishing *Holmes*, the court stated that *Holmes* was a case in which a child "was run over by a train while a pedestrian on a city street in Oakland; the railroad tracks were actually located on the street in close proximity to a grammar school." *Id*. The court found the railroad right of way in its case to be analogous to the island in *Avey*, without providing further explanation. *Id*. The *Durham* court held that the city's property could not be considered dangerous except in relation to the railroad tracks, and declined to find a duty to erect a barricade to maintain its street in a reasonably safe condition. *Id*. Further, the court held that a failure to warn of the danger did not by itself create a dangerous condition. *Id*.

As in *Durham*, *Holmes* is distinguishable. Plaintiffs have not pled sufficient specific factual allegations for a reasonable person to conclude that Moving Defendant's property created a substantial risk of harm to foreseeable users of that property, pedestrians, who were exercising due care. Unlike *Holmes*, where the tracks were near a grammar school and were frequented by children, there are no factual allegations as to why the public properties at issue here were in a dangerous condition. As is clear from *Durham* and *Holmes*, the mere availability of access to tracks does not by itself establish a dangerous condition of public property.

In a recent decision, the California Supreme Court compiled a number of cases in which courts found a dangerous condition of public property as a result of some condition on adjacent property. *See Bonanno*, 30 Cal.4th at 149-50, 132 Cal.Rptr. 341, 65 P.3d 807 (holding that a bus stop that was located in such a way as to require passengers to cross a dangerous intersection was itself a dangerous condition; noting decisions holding: (1) that the location of a sewage outfall pipe in the Santa Monica Bay created a dangerous condition because it was near the surface of the water in an area frequented by ships; (2) that a street was in a dangerous condition because it contained train tracks which children from a nearby grammar school had to cross on their way home from school; (3) that maintenance of a park used as a flying field for model airplanes created a dangerous condition based

on its proximity with power lines where the involvement of the field with the lines could be reasonably anticipated; (4) that defective pavement with a protruding water pipe on private property adjoining public sidewalk was a dangerous condition of the sidewalk because it exposed sidewalk users to substantial risk of injury; (5) that location of a stop sign was a dangerous condition because it caused the sign to be obscured by a tree on adjacent private property; (6) that a sidewalk, not defective in itself, could constitute a dangerous condition by virtue of the demolition of an adjacent building that left an eight-foot drop-off at the sidewalk's edge; and (7) that a playground area for small children constituted a dangerous condition of public property because of proximity to a field used for "hard baseball").[2] As noted above in reference to *Holmes*, unlike *Bonanno*, and the authority it cites, Plaintiffs have not alleged facts, or articulated a theory, from which a reasonable person could conclude that the railroad tracks in this case presented a foreseeable risk to users exercising reasonable care. At most, Plaintiffs refer to vegetation without providing any factual support as to how that vegetation made the railroad tracks dangerous. Therefore, a reasonable person cannot conclude that Moving Defendants, by allowing dirt paths leading to the railroad tracks to exist on their property, maintained their property in a dangerous condition. Accordingly, Plaintiffs' fifth and sixth causes of action are dismissed with leave to amend.

### C. Negligence

#### 1. Background Law

To state a claim for negligence, a plaintiff must allege: (1) the defendant's legal duty of care to the plaintiff; (2) breach of that duty; (3) causation; and (4) resulting injury to the plaintiff. *Merrill v. Navegar, Inc.*, 26 Cal.4th 465, 500, 110 Cal.Rptr.2d 370, 28 P.3d 116 (2001). The existence of a duty is a question of law to be determined by the court alone. *Id*. at 501.

Prior to 1968, it was generally settled throughout the country that railroads had no duty to fence access to their tracks to prevent injury to unauthorized entrants, particularly children. *Silva v. Union Pacific R.R. Co.*, 85 Cal.App.4th 1024, 1027, 102 Cal.Rptr.2d 668 (2000). In 1968, the California Supreme Court abolished the distinctions in the duty of care owed by a landowner to trespassers, licensees, and invitees. *Id*. at 1028 (citing *Rowland v. Christian*, 69 Cal.2d 108, 70

---

[2] The Court recognizes that the reasoning in *Avey* and *Durham* incorporates the premise, rejected in *Bonanno*, that a public entity cannot be liable for conditions beyond its control. The Court does not rely on *Avey* or *Durham* for that premise.

Cal.Rptr. 97, 443 P.2d 561 (1968)). *Rowland* listed a number of factors to be considered in determining whether to allow an exception to the general principle that a person is liable for injury caused by the failure to exercise reasonable care: "the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and the consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved." *Id*. at 1028-29 (quoting *Rowland*, 69 Cal.2d at 112-13, 70 Cal.Rptr. 97, 443 P.2d 561).

Under *Rowland*, the extent of a possessor's duty is often controlled by the foreseeability of the risk of harm. *Id*. at 1028. Thus, although the determination of duty is a question of law, its existence may rest upon the foreseeability of the risk of harm. *Id*. at 1029. Foreseeability may be decided as a question of law only if there is no room for reasonable difference of opinion. *Id*. In *Silva*, the court noted that the duty issue is properly resolved (1) on demurrer, taking facts as alleged in the complaint; (2) on summary judgment based on the evidentiary showings of the parties; or (3) after full trial. *Id*. at 1029-30.

### 2. Application to Facts

The Court concludes, on this record, that Plaintiffs negligence claim fails. Because Plaintiffs only provided substantive argument that their negligence claim predicated on California Government Code section 815.4 is properly pled, the Court treats this cause of action as limited to that theory. *See* Opposition to Fremont, 12-15, 15 n.1 (arguing that Plaintiffs properly pled a cause of action pursuant to section 815.4 and stating in a footnote that "liability under Section 818.6 through 815.2 is another separate basis for negligence, the Seventh and Eighth Causes of Action cannot be dismissed under Section 815.4 alone" without providing any argument that the alternative theory was viable); Opposition to Ohlone, 12-15, 15 n.1 (same); Opposition to EBDA, 12-15, 15 n.1 (same).

Although Plaintiffs do not make clear, precise, factual allegations pertaining to the conduct engaged in by any independent contractors, the Complaint alleges that the independent contractors were negligent in failing to take the necessary precautions to block access to the tracks, direct persons

in the area of the tracks, and warn persons of the dangers presented by the tracks. Complaint, ¶¶ 131-33, 140. Moving Defendants arguments focus on the assertion that, as a matter of law, their independent contractors owed no duty to block access to the tracks or otherwise protect the public from any dangers presented by the tracks. On this record, the Court agrees.

Plaintiffs have not pled facts from which a reasonable person could conclude that any conduct by an independent contractor of Moving Defendants' created a foreseeable risk of harm. Read in the light most favorable to Plaintiffs, they allege that pedestrians regularly crossed dirt paths on Moving Defendants' property to cross and walk along the railroad tracks. The paths were left by independent contractors who performed some unidentified work on Moving Defendants' property. The Complaint is devoid of specific factual allegations as to why the conditions were dangerous to pedestrians.[3] To hold as a matter of law that a legal duty exists on these allegations would be to open a broad swath of liability where public entities own land adjacent to unprotected railroad easements with some indication of pedestrian usage. The Court declines to do so. Plaintiffs negligence causes of action against Moving Defendants are dismissed with leave to amend.

## IV. CONCLUSION

For the foregoing reasons, Defendants Motions are granted and the fifth through eight causes of action asserted against Moving Defendants are dismissed with leave to amend. Plaintiffs shall file any amended complaint within ten (10) days of this Order.

IT IS SO ORDERED.

Dated: June 28, 2013

JOSEPH C. SPERO
United States Magistrate Judge

---

[3] For example, the Complaint does not specifically allege what visibility issues there may have been, the rate of speed at which trains traveled in the vicinity of the incident site, whether there had been any prior accidents involving pedestrians in the incident site, the specific frequency with which pedestrians accessed that stretch of tracks, or the frequency with which pedestrians actually used any specific Moving Defendants' property to access the tracks.